### PETERSON *v.* PETERSON.

DIVORCE—ALIMONY.
> Where both parties appealed from a decree in divorce pro-
> ceedings awarding to the wife the home, owned by them
> by the entireties, where the evidence as to the value of
> the home and the property remaining to the husband was
> contradictory, but shows that the house is in need of
> immediate repairs, and additional furniture is required
> to enable the wife to derive an income by taking roomers,
> the decree will be amended by awarding her an addi-
> tional $1,000.

Cross-appeals from Washtenaw; Kinne, J. Submitted June 12, 1918. (Docket No. 66.) Decided July 18, 1918.

Bill by George L. D. Peterson against Minnie R. Peterson for a divorce. Defendant filed a cross-bill asking for a divorce. From a decree for defendant on her cross-bill, both parties appeal. Modified and affirmed.

*Martin J. Cavanaugh* and *John P. Kirk,* for plaintiff.

*Fred A. Baker* (*A. B. Hall,* of counsel), for defendant.

FELLOWS, J. The parties to this case were married May 18, 1894, and have one child, a daughter, who was 20 years old at the time this bill was filed. The record discloses that they had but little means at the time of their marriage and that during their married life they accumulated some property, which will presently be more specifically referred to. Their home life seems to have been a contented one until another woman entered the life of this husband. The parties were then living together in Detroit, and divorce proceedings in the Wayne circuit resulted. A reconciliation seems to have been effected through the interposition of the daughter; but it was not permanent, and plaintiff claims to have taken up his residence at Ypsilanti in Washtenaw county, where he filed this bill charging defendant with acts amounting to extreme cruelty. The defendant answered claiming the benefit of a cross-bill. Upon the hearing the plaintiff introduced no proof to sustain his bill and decree passed for defendant upon the cross-bill. Both parties appeal, and the sole question here argued or considered by them is the amount of alimony awarded.

At the time of the separation the parties were living at 327 Lincoln avenue, Detroit. This property was owned by them as tenants by the entirety, and is variously estimated to be worth from $8,500 to $13,-000. It is incumbered for $3,000. The furniture does

not appear to have been elaborate but was comfortable; the parties do not agree as to its value. It includes a piano given the daughter by her father upon her graduation after the separation. Some repairs are needed on the home and additional furniture required to enable defendant to take roomers, as she has been doing in one or two instances.

The plaintiff is a builder and contractor and owns 573 out of 600 shares of the G. L. D. Peterson Company, which company conducts the business. This company, according to its annual report, has $6,000 invested in real estate, $500 in personal property, and $106.90 in cash. As we read this record the real estate consists of encumbered property and interests in land contracts, and it is doubtful if plaintiff's estimates of the value of these equities is far out of the way. In addition to plaintiff's interest in the Lincoln avenue property and his interest in the company, he also owns an automobile, has a small place at an inland lake said to be worth $150, and some lots in Sandwich, Ontario. These lots are not readily salable and are worth from $1,000 to $1,500. The company and plaintiff both owe some debts, a portion attributable to the business operations and some for the support of defendant. Due to war-time conditions, building operations are not extensive at the present time.

The decree of the court below awarded to the defendant the Lincoln avenue property, including the furniture, subject to the mortgage, the same to be in lieu of dower or other interest in plaintiff's property, made an allowance for attorney's fees and costs, and provided the necessary detail to effectuate its provisions. The plaintiff insists that this decree is most inequitable. He insists that the Lincoln avenue property is worth $13,000; that the value of the property left for him, after the provision for the wife, has decreased, due to shrinkage in real estate values in De-

troit, and his counsel, in the brief, has submitted a computation showing the value of the property given to defendant to be $11,000, while plaintiff, after payment of his debts will have less than $5,000. On the other hand, defendant insists that the property given her is overvalued, while that of plaintiff is undervalued, and her counsel submits a computation showing that plaintiff's property is worth approximately $9,-000, while the property going to defendant is worth much less. We cannot accept either of these claims at par. The shrinkage in values of the real estate involved is general; it applies as well to the property awarded to one as to the other.

The allowance of alimony cannot be measured by a yard stick. Each case must be determined by its own peculiar facts. The learned circuit judge made a painstaking effort to work out an equitable division of the property these parties have together accumulated. In the main we are impressed he succeeded. But we think sufficient account was not taken of the fact that repairs on the Lincoln avenue property are imperatively needed, and that new furniture must be put into some of the rooms to make them available for roomers, the only remunerative use to which the house may be devoted. We are, therefore, constrained to add to the property decreed to the defendant the sum of $1,-000, which shall be a lien on plaintiff's property. In all other regards the decree of the court below will be affirmed. The defendant will recover her costs in this court.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.